**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Melvin CARMACK, Defendant–Appellant.**

**No. 89–7873**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Sept. 4, 1990.

. J. Louis Wilkinson, Wilkinson & Vinson, Birmingham, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., James E. Phillips, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, JOHNSON and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge.

The June 26, 1990 opinion in this case is hereby vacated, and the following corrected opinion is substituted.

The sole issue in this case is whether 18 U.S.C. § 1461 declares unlawful the receipt of obscene material through the mails for private use.

Although this is a question of first impression in the Eleventh Circuit, the Ninth and Sixth Circuits have rejected the contention that persons who order and receive obscene materials through the mails and possess them for private use do not violate the statute. *United States v. Hurt,* 795 F.2d 765 (9th Cir.1986), *cert. denied,* 484 U.S. 816, 108 S.Ct. 69, 98 L.Ed.2d 33 (1987); *United States v. Johnson,* 855 F.2d 299 (6th Cir.1988). The Ninth and Sixth Circuits held that the language "whosoever knowingly uses the mail" in 18 U.S.C. § 1461 applies to persons receiving obscene materials through the mails for personal use. Because the statute's intent is to punish for the use of the mails, not the mere possession of obscene materials, we join the Sixth and Ninth Circuits in holding that the statute reaches persons who order obscene materials for personal use, and thus cause the mails to be used for delivery of those materials.

Accordingly, we affirm the district court's convictions and judgments.

AFFIRMED.